IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY COOK, SR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-813-RGA |
| DR. RAY LYNCH, et al., | : |
| Defendants. | : |

Leroy Cook, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 2, 2015
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff Leroy Cook, Sr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

Plaintiff alleges that Defendant Dr. Ray Lynch refuses to issue him a medical memo for a housing assignment in climate controlled housing. Plaintiff alleges that the housing assignment is medically necessary to prevent the occurrence of grand-mal seizures. Plaintiff also suffers from neurological, pulmonary, skin, and abdominal sarcoidosis. Plaintiff appealed Dr. Lynch's action. He alleges that the "Bureau Chief over Medical" ordered a re-evaluation, but Dr. Lynch refuses to follow the directive of the Bureau Chief. Plaintiff has medical memos prior to 2014 when Dr. Lynch became the medical director.

Plaintiff informed Defendant Delaware Department of Correction of the ongoing problem, but it refuses to address the issue. He also names as a defendant Connections Medical Services, the medical service provider for the DOC. Plaintiff seeks compensatory and punitive damages.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the Court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff's claim against the DOC fails as it is immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through

3

the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Therefore, the Court will dismiss the claims against the DOC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

While Plaintiff has named Connections as a defendant, the Complaint does not contain any allegations directed towards it. In addition, when a plaintiff relies upon a theory of *respondeat superior* to hold a corporation, like Connections, liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Therefore, the Court will dismiss the claims against Connections as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

For the above reasons, the Court will dismiss the DOC and Connections pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Plaintiff will be allowed to proceed with his claim against Dr. Lynch.

An appropriate order will be entered.